UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **GOVERNMENT ACCOUNTABILITY & OVERSIGHT**<br>724 Bielenberg Drive<br>Woodbury, MN 55125<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**<br>1200 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20460<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A No. 18 - 1742 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff GOVERNMENT ACCOUNTABILITY & OVERSIGHT ("GAO") for its complaint against Defendant UNITED STATES ENVIRONMENTAL PROTECTION AGENCY ("the Agency" or "EPA"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production of records in response to two FOIA requests to EPA.

2. EPA has improperly denied the requests by failing to provide an initial determination, produce responsive records or otherwise perform in accordance with its obligations under FOIA, as applied by this Court in *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

1

3. Plaintiff sought fee waivers for the requests, as provided by FOIA, based on the public interest in the information requested as detailed in the requests themselves, and requester's intention and ability to broadly disseminate the information.

4. Other non-profit requesters routinely receive fee waivers by federal agencies on the very same substantive issues for reasons of the public interest at issue.

5. EPA has only acknowledged receipt receipt of the first request, sent on April 21, 2018, assigning it the tracking number EPA-HQ-2018-006681, and sought an enlargement of time to respond.

6. Despite plaintiff's agreement to an enlargement, the agreed date as well as EPA's later date by which it requested to respond have passed.

7. As of July 18, 2018, defendant states it cannot project a first production and has not provided the required *CREW* response.

8. EPA has only acknowledged receipt of the second request, submitted on May 21, 2018, assigning it the tracking number EPA-HQ-2018-007871.

9. Defendant did deny plaintiff's fee waiver for this request on June 15, 2018, which plaintiff timely administratively appealed and defendant acknowledged, but failed to provide a timely determination thereto, thereby waiving any right to fees.

10. EPA has not responded to plaintiff with an initial determination or substantive response for either request, but has only assigned the requests FOIA tracking numbers.

11. EPA has not given plaintiff any estimate the volume of records responsive to the requests, nor a date by which responsive records would be produced, nor any FOIA exemptions which it anticipates might apply.

12. EPA has not produced by the agreed-upon extension to the statutory response period for EPA-HQ-2018-006681, or even by the later date it requested.

13. EPA therefore has failed to respond to plaintiff's requests.

14. Accordingly, plaintiff files this lawsuit to compel EPA to comply with the law and produce the properly described public records in these two FOIA requests..

## PARTIES

15. Plaintiff Government Accountability & Oversight ("GAO") is a nonprofit research, public policy and public interest litigation center organized under the laws of Minnesota. GAO is dedicated to advancing responsible regulation and, in particular, economically sustainable environmental and energy policy. GAO's programs include a transparency and publication initiative seeking public records relating to environmental and energy policy and how policymakers use public resources.

16. Defendant EPA is a federal agency headquartered in Washington, DC whose stated mission is to "protect human health and the environment."

## JURISDICTION AND VENUE

17. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this brought in the District of Columbia, and because the defendant maintains offices in the District. Furthermore, jurisdiction is proper under 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

18. Venue in this court is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because FOIA grants the District Court of the District of Columbia jurisdiction, and because defendant is a federal agency.

## **FACTUAL BACKGROUND**

19. On April 16, 2018 plaintiff submitted a FOIA request to EPA, seeking copies of certain described electronic correspondence of two named individuals, over a specific period of time, that was sent to or from, or which mentions anywhere, three specified email addresses of outside parties, and any attachments.

20. On May 21, 2018 plaintiff submitted a FOIA request to EPA, seeking copies of certain described electronic correspondence of two named individuals, over a specific period of time, that was sent to or from, or which mentions anywhere, three specified email addresses of outside parties, and any attachments.

### **Defendant's Reply and Subsequent Proceedings**

21. In regards to the April 21, 2018 request, EPA has provided only an acknowledgement of receipt of the request, assigning it the tracking number EPA-HQ-2018-006681.

22. EPA sought an extension of time of six additional weeks to provide responsive records, in response to which plaintiff agreed to an extra 30 days/20 working days in return for an agreement by defendant of a a rolling production, or interim release of records that had already been processed.  That agreed extension of time as well as EPA's later requested deadline have now passed without any substantive response.

23. On July 18, 2018, defendant's assigned point of contact wrote plaintiff explaining that no interim production would in fact be produced as agreed, and that EPA also would not project a production date.

24. In response to the May 21, 2018 request, EPA has only provided an acknowledgement of receipt of the request, assigning it tracking number EPA-HQ-2018-007871.

25. Defendant did deny plaintiff's fee waiver for this request on June 15, 2018, which plaintiff administratively appealed and sent by electronic mail on June 22, 2018.

26. Defendant acknowledged receipt of this appeal by letter dated June 26, 2018.

27. Defendant owed plaintiff a determination on that fee waiver appeal on or before July 23, 2018 and has failed to provide such a determination, thereby waiving any right to fees.

28. For both requests, at no time did defendant EPA provide the required response under FOIA and *CREW v. FEC*, 711 F.3d 180 (D.C. Cir. 2013), whether an estimate of the number of records being processed and what exemptions it might claim under FOIA, or otherwise comply with FOIA's requirements.

29. Such a substantive response as contemplated by the Court in *CREW v. FEC* was due for EPA-HQ-2018-006681 on or by May 18, 2018, or at latest by the agreed-upon extended date of June 18, 2018.

30. The response tor EPA-HQ-2018-007871 was due on or by June 19, 2018.

## **ARGUMENTS**

31. Under the Freedom of Information Act, after a party submits a request, an agency must determine within 20 working days after the receipt of any such request whether to comply with such request. 5 U.S.C.S. § 552(a)(6)(A)(i). Under *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that response must provide particularized assurance of the scope of potentially responsive records, including the scope of the records it plans to produce and the scope of documents that it plans to withhold under any FOIA exemptions. This 20-working-day time limit also applies to any appeal. § 552(a) (6)(A)(ii).

32. U.S. Code 5 U.S.C.S. § 552(a)(6)(A) proclaims that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.

33. Defendant EPA owes plaintiff records responsive to the requests at issue in this suit, which request reasonably described the information sought and was otherwise filed in compliance with applicable law, subject to legitimate withholdings, and has failed to provide responsive records or any substantive response in violation of statutory deadlines.

34. In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with a*ny time limit'* of FOIA" (*emphasis added*).

35. Defendant has waived fees and/or waived its ability to assess fees under § 552(a)(4)(A)(viii) by failing to substantively respond to plaintiff within the statutory deadline(s). The

EPA, therefore, has waived all fees and must produce the requested documents as required by law.

36. Plaintiff has constructively and actually exhausted the administrative process as regards these requests, because of EPA's failure to abide by FOIA's statutory deadlines.

37. By failing to substantively respond to plaintiff's requests in the required time in violation of statutory deadlines, defendant has also waived any ability to now seek fees.

**FIRST CLAIM FOR RELIEF**
**Seeking Declaratory Judgment**

38. Plaintiff re-alleges paragraphs 1-37 as if fully set out herein.

39. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business, because defendant has failed to substantively respond pursuant to *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

40. Plaintiff asks this Court to enter a judgment declaring that:

   a. The EPA correspondence as specifically described in plaintiff's FOIA requests described, *supra*, designated as EPA-HQ-2018-006681 and EPA-HQ-2018-007871, are subject to release under FOIA;

   b. The EPA must release those requested records or segregable portions thereof subject to legitimate exemptions;

   c. The EPA may not assess or seek costs and fees for the requests at issue in this case, as plaintiff is entitled to a waiver of its fees.

**SECOND CLAIM FOR RELIEF**
Seeking Injunctive Relief

41. Plaintiff re-alleges paragraphs 1-40 as if fully set out herein.

42. Plaintiff is entitled to injunctive relief compelling defendant to produce all records in its possession responsive to plaintiff's FOIA requests, without fees, subject to legitimate withholdings.

43. Plaintiff asks the Court to order the defendant to produce to plaintiff, within 10 business days of the date of the order, the requested records described in plaintiff's FOIA requests, subject to legitimate withholdings.

44. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiff receives the last of the produced documents, addressing defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with plaintiff's challenges to defendant's withholdings and any other remaining issues.

**THIRD CLAIM FOR RELIEF**
Seeking Costs and Fees

45. Plaintiff re-alleges paragraphs 1-44 as if fully set out herein.

46. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

47. Plaintiff is statutorily entitled to recover fees and costs incurred as a result of defendant's refusal to fulfill the FOIA requests at issue in this case.

48. Plaintiff asks the Court to order the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for their attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 25th day of July, 2018,

By Counsel:

_____/s/_ Christopher Horner_____
Christopher C. Horner
D.C. Bar No. 440107
chris@chornerlaw.com
1489 Kinross Lane
Keswick, VA 22947
(202) 262-4458

_____/s/_ Jason T. Miller_____
Jason T. Miller
D.D.C. Bar No. MD0060
61miller@cua.edu
4008 Ferrara Drive
Silver Spring, MD 20906
(269) 841-0046

ATTORNEYS FOR Plaintiff